## CORNELL, WARD & CORNING v. McCOY.

### *Appeal from Kossuth District Court — Friday, March 29.*

#### PAROL EVIDENCE.

ACTION to recover a balance claimed to be due plaintiffs from the defendant upon a written contract respecting the agency, purchase and sale, of Wilcox & Gibbs' sewing machines. The defendant, by his answer, admitted the execution of the contract, but denied the legal construction of parts of it, and also averred certain other terms and conditions not embraced in and contradictory of it. The plaintiffs moved to strike out these denials and averments; which motion was overruled. There was a trial to the court, and judgment for defendant. The plaintiffs appeal.

*Call & Clark* for the appellants — *Charles Birge* for the appellee.

COLE, J. — The contract sued upon in this case is in writing, and signed by both parties. No question is made of any fraud, accident or mistake connected with its making or execution. The instrument is too long to set out in full; it stipulates that plaintiffs make the defendant their agent for the sale of Wilcox & Gibbs sewing machine within certain territory; they furnish him all machines necessary at a specified rate; he is to act as agent, give security for all machines received, sell at the regular price for cash or approved notes on not longer than six months, and to make weekly report of sales, and also agrees as follows, upon which clause the contest in this case arises, to wit: "Party of second part also agrees to pay for all goods and machines ordered, as soon as sold, either in approved notes taken for machines, or in cash, and to pay cash for those not sold (if any) at the expiration of six months from time of delivery by party of the first part. *It being expressly understood, by the parties to this agreement, that all goods and sewing machines ordered by said party of the second part and delivered to him by the party of the first part, are* SOLD *when so delivered, and not consigned, and are not to be returned on account, but to be paid for as above expressed.*"

The defendant, by his answer, avers "that, by the terms and conditions of said contract, he was not to pay for the goods so delivered to him as agent as aforesaid, until the same were sold. That all machines sent to him, by said plaintiffs, were received by said defendant as agent of said plaintiffs and as the property of said plaintiffs, to be sold by said defendant for said plaintiffs, and held subject to the order of said plaintiffs. And defendant further says that none of the machines of said plaintiffs so received by said defendant as agent of plaintiffs, have been sold, but that the same are still in the possession of said defendant as agent for said plaintiffs, and subject to the order of said plaintiffs."

The plaintiffs moved to strike out this and other portions of the answer. But the court overruled the motion and also permitted the defendant against plaintiffs' objections to testify to matters tending to sustain these averments of the answer. In both these rulings there was manifest error. It is laid up among the fundamentals of the law, that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument.

Reversed.